Lin v. Sessions

BIA
Zagzoug, IJ
A087 798 612

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand eighteen.

PRESENT:
        JON O. NEWMAN,
        REENA RAGGI,
        PETER W. HALL,
            *Circuit Judges.*

_____

SUHANG LIN,
        *Petitioner,*

        v.                                          15-2655
                                                    NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Anthony
                       C. Payne, Assistant Director;
                       Kathleen Kelly Volkert, Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Suhang Lin, a native and citizen of the People's Republic of China, seeks review of a July 27, 2015 decision of the BIA affirming a July 15, 2014 decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Suhang Lin,* No. A087 798 612 (B.I.A. July 27, 2015), *aff'g* No. A087 798 612 (Immig. Ct. N.Y.C. July 15, 2014).

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005), and address only the adverse credibility determination, applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008) (reviewing adverse credibility determination for substantial evidence). In doing so, we assume the parties' familiarity with the underlying facts and procedural history of the case.

For applications such as Li's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 163–64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and emphasis omitted). By these standards, the agency's adverse credibility determination is supported by substantial evidence.

First, the IJ concluded that Lin's testimony was inconsistent with respect to his contacts with his father. Lin testified that he saw his father once when he first arrived in the United States in 2010, and had not seen him again thereafter. At his 2011 asylum interview, however, Lin indicated that he was at that time living with his father and aunt in Brooklyn;

3

when confronted at his hearing with notes of that interview, Lin admitted that he had made this statement under oath, but continued to assert that he had not seen his father since 2010.[1] The inconsistency was reinforced by the testimony of Lin's aunt, who stated that when Lin's father was in the New York area, he would visit and stay at their home. She further testified that she had seen Lin and his father attend church together, although Lin had testified they had never done so.

The IJ was entitled to discredit Lin's testimony based on his contradictory descriptions of his interactions with his father and the contrary testimony of his aunt. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Drawing inferences from direct and circumstantial evidence is a routine and necessary task of any factfinder."). Although this inconsistency did not go to the core of Lin's claim, it was not "minor and isolated," *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006), but rather a major circumstance of his life and religious observance in the United States, *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 167 ("[A]n IJ may rely on

---

[1] Lin argues that the BIA wrongly determined that the IJ relied upon the notes of the interview, which were not part of the record. The IJ's decision, however, makes clear that the credibility judgment in this regard was made "based on the respondent's own admissions" that he "testified previously, under oath, inconsistent" with his hearing testimony, as well as his inability to explain that inconsistency. A.R. 66.

*any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (emphasis in original)).

Second, the IJ's general doubts about Lin's demeanor provide further support for the adverse credibility ruling. "[T]he IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant," and so that finding deserves deference. *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). The IJ found that Lin's testimony was generally "disingenuous" and that his halting responses were frequently a means of "buying time to formulate an answer." A.R. 64. The IJ specifically identified Lin's testimony about his past persecution as "vague and incredible," *id.* at 65; his testimony about his religious observance not "genuine," *id.*; and his testimony about his proselytizing activities and baptism neither "genuine" nor "convincing," *id.* at 67–68. The IJ also noted that Lin's testimony about whether he lived with his father was "confusing[]," *id.* at 56, and "inconsisten[t]," *id.* at 66. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review

5

of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Finally, the IJ found that Lin's failure to supply corroborating evidence—such as a letter from the aunt who introduced him to the church in the United States—failed to rehabilitate his discredited religious observance testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (explaining that "absence of corroboration" may make applicant "unable to rehabilitate testimony that [had] already been called into question"). We identify no error in that finding.

Given the IJ's demeanor finding, the noted testimonial inconsistencies, and the lack of corroboration of his alleged continuing religious practice, the totality of the circumstances supports the IJ's adverse credibility determination such that no reasonable factfinder would be "compelled to conclude to the contrary." *Majidi v. Gonzales*, 430 F.3d at 79 (internal quotation marks omitted).[2] Because

---

[2] Insofar as Lin alleges error in other IJ and BIA adverse credibility findings, we conclude that, even assuming error, remand would be futile given the findings affirmed here. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) (stating remand futile if (1) substantial record evidence relied on by IJ, considered in aggregate, supports finding that petitioner lacked credibility, and (2) disregarding aspects of IJ's reasoning that are tainted by error, "we can state with

Lin's asylum, withholding of removal, and CAT claims were based on the same factual predicate, and the credibility determination was dispositive as to all three, *see Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006), and we need not review the agency's time-bar denial of asylum, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

confidence that the IJ would adhere to his decision were the petition remanded" (internal quotation marks omitted)).

7